IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:15-00212

**MARK ALLEN ANGLE**

### RESPONSE OF THE UNITED STATES OF AMERICA
### TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on October 27, 2015, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response**: Enclosed in response to this request are the audio recorded statements of Mark Allen Angle taken by Sgt. T. M. Divita and Special Agent Brian Morris (Disc 2, 3 and 4).

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

**(i)** Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response**: See response to Request A and the interview transcript of defendant's interview dated August 28, 2015 (ANGLE – 000153 – 000157) and interviews dated March 19, 2015 and September 3, 2015 (ANGLE – 00000158 - 000230).

**(ii)** The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response**: See Responses to Request A and B(i).

**(iii)** The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response**: The defendant did not testify before the grand jury relative to the charged offense.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response**: Not applicable.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response**: Enclosed you will the criminal history of defendant (ANGLE - 000001 - 000003).

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response**: Enclosed is information responsive to this request:

1. CyberTipline Report 3501316 received by National Center for Missing and Exploited Children (NCMEC) on January 16, 2015 (ANGLE – 000004 – 000022);

2. West Virginia State Police Fax Cover Sheet dated Janaury 28, 2015, and Administrative Subpoenas issued to Suddenlink (ANGLE – 000023 – 000033);

3. CyberTipline Report 3694819 received by National Center for Missing and Exploited Children (NCMEC) on January 30, 2015 (ANGLE – 000034 – 000051);

4. West Virginia State Police Fax Cover Sheet dated February 25, 2015, and Administrative Subpoena issued to Suddenlink (ANGLE – 000052 – 000058);

5. West Virginia State Police Intelligence Unit, West Virginia Intelligence Exchange (WVIX) Report dated March 2, 2015 (ANGLE – 000059 – 000072);

6. Cabell County Circuit Court Motion and Order Granting Motion to Seal Documents regarding the search of 2208 Kirby Drive, Trailer #183, Milton, Cabell County, West Virginia dated March 19, 2015 (ANGLE – 000073 – 000074);

7. Executed Cabell County, West Virginia Property Receipt listing property seized on March 19, 2015 (ANGLE – 000075 – 000076);

8. Cabell County, West Virginia Circuit Court Search Warrant and Affidavit and Complaint for Search Warrant dated March 19, 2015 (ANGLE – 000077 – 000097);

9. West Virginia State Police Forensic Laboratory Case Submission Forms dated March 19, 2015 (ANGLE – 000098 – 000102);

10. West Virginia State Police Criminal Investigation Report prepared by Sgt. T. M. Divita dated March 23, 2015 (ANGLE – 000103 – 000120);

11. Homeland Security Investigations Summons issued to Kik Interactive, Inc. (ANGLE – 000124 – 000127);

12. Homeland Security Investigations Summons issued to Yahoo! Inc. (ANGLE – 000128 – 000131);

13. Consent to Search Computer, Computer Related Media or Electronic Equipment Form executed by Mark Angle on April 22, 2015 (ANGLE – 000132 – 000135);

14. National Center for Missing and Exploited Children (NCMEC) CVIP Report processed on June 12, 2015 (ANGLE – 000136 – 000152);

15. Search Warrant Photos taken during search at 2208 Kirby Drive, Trailer #183, Milton, Cabell County, West Virginia on March 19, 2015 (ANGLE – 000242 – 000303);

16. Homeland Security Investigations Preservation Request to Yahoo! Inc. (ANGLE – 000304);

17. Photo of Black ZTE CDMA cell phone (ANGLE – 000305);

18. West Virginia State Police Case Forensic Laboratory Submission Form dated July 6, 2015 (ANGLE – 000312);

19. CyberTip 0210-2586 folder (Disc 5); and

20. CyberTip 0210-2628 folder (Disc 6).

Furthermore, Sgt. T. M. Divita of the West Virginia State Police, Crimes Against Children Unit, is in possession of computers, hard drives and other digital media, among other things, seized from defendant's home located in Milton, West Virginia. Some of these items have been examined forensically.

5

Image files containing child pornography were found on the defendant's hard drives and other media. Upon request and at a time mutually convenient to counsel for the defendant and the government, counsel for the defendant may inspect images of the defendant's hard drives as well as any other digital media containing contraband which will be maintained by the government. The United States will not permit copying by the defense of any images or videos containing child pornography. Please contact Assistant United States Attorney Lisa G. Johnston to arrange a convenient time to view the evidence.

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response**: The United States is not aware of any physical or mental examinations of the defendant. A copy of the West Virginia State Police, Digital Forensics Unit, Digital Forensics Analysis Report prepared by Digital Forensics Analyst Robert J. Boggs, Forensic Case No. 2015-113-2542 dated April 20, 2015 (ANGLE - 000121 - 000123) is attached hereto. Also, a copy of the West Virginia State Police, Digital Forensics Unit, Digital Forensics Analysis Report prepared by Digital Forensics Analyst

Dale Mosley, Forensic Case No. 2015-113-2542 dated September 11, 2015 (ANGLE – 000231 - 000241) is attached hereto.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response**: The United States intends to offer expert testimony from Cpl. Robert J. Boggs and Roger Dale Mosley, Jr. who performed the forensic examinations of the hard drives and other digital media. A copy of the Curriculum Vitae of Cpl. Boggs (ANGLE – 000306 - 000310) and Dale Mosley (ANGLE - 000311) are attached. They will testify to all matters set forth in their reports and the bases for their opinion contained in the reports.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response**: The United States is not aware of the existence of any such evidence aside from what may be provided herein.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response**: The United States intends to introduce into evidence all images of and videos containing child pornography distributed, received and possessed by the defendant. The United States also intends to introduce images of child erotica possessed by the defendant. These images and videos are available for inspection by the defendant as referenced in response to Request E. It is the position of the United States that this evidence is necessary to establish elements of the crimes with which the defendant is charged and is "inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989). Thus, it is the position of the United States that, although this evidence meets the standard for admission under Rule 404(b) of the Federal Rules of Evidence, notice is not required. Notice is hereby given nonetheless. United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996)(acts intrinsic to charged crime do not fall under Rule 404(b)).

**Request J:** Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.

**Response:** None.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** The United States will seek judicial notice that Milton, Cabell County, West Virginia is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** None.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

**REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY**

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

    Respectfully submitted,

    R. BOOTH GOODWIN II
    United States Attorney

By:   s/Lisa G. Johnston
    LISA G. JOHNSTON
    Assistant United States Attorney
    WV State Bar No. 4917
    300 Virginia Street, East
    Room 4000
    Charleston, West Virginia 25301
    Telephone:  304-345-2200
    Fax:  304-347-5104
    E-mail:  lisa.johnston@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 9th day of November, 2015, to:

>	Ann Rigby
>	Assistant Federal Public Defender
>	Federal Public Defender's Office
>	300 Virginia Street, East
>	Room 3400
>	Charleston, West Virginia 25301

>	s/Lisa G. Johnston
>	LISA G. JOHNSTON
>	Assistant United States Attorney
>	WV State Bar No. 4917
>	300 Virginia Street, East
>	Room 4000
>	Charleston, West Virginia 25301
>	Telephone: 304-345-2200
>	Fax: 304-347-5104
>	E-mail: lisa.johnston@usdoj.gov